Good afternoon. Leslie Bruckner for plaintiff Tatiana Korolshteyn, which it took me a little while to learn how to say. I apologize. You caught me off guard. I thought there was another case before me. Otherwise, I would have had my jacket on. I'd like to reserve five minutes of my time for rebuttal, if I may. Yes. Thank you. This case presents the same question that was recently addressed by this court in Kressler v. CVS, a decision that we believe should be controlling here. The question is whether the Food, Drug, and Cosmetic Act preempts a private lawsuit that challenges the structure-function claim on the label of a dietary supplement as false and misleading in violation of California law. The district court here rendered its decision without benefit of Kressler. It held that the answer is yes, that this lawsuit is in fact preempted based on its erroneous view that the plaintiffs here are seeking to apply a substantiation standard to evaluate the structure-function claim that is somehow more stringent than the substantiation standard set forth in the FDCA. I'd like to start by explaining why that conclusion was incorrect and is directly at odds with the FDA's own guidance. And then I would like to rebut Costco's attempts in its 28J letter to the court to argue that Kressler is not binding here and that this case is actually governed by Dockhauer, a decision that was distinguished in Kressler. So with regard to the district court's errors, its main error in our view was its misinterpretation of the federal substantiation requirement, which is found in 21 U.S.C. section 343R6. We agree that that is the substantive standard that governs here. That standard provides, quote, a statement for a dietary supplement may be made if the manufacturer has substantiation that the statement is truthful and not misleading. Could I just interrupt? Because I guess I'm confused about the logical relationship between the issues here. It seems like Kressler, as you started telling us, already decided that claims under California law that a structure and function label are false are not preempted. And I think we're bound by that. So I'm not clear why we need to go and ask anything other than is this claim the same form of California law claim as was in Kressler? Well, I couldn't agree with you more, Your Honor. I do believe that Kressler is controlling here. And there's really no question that the claim here is of the same type at issue in Kressler. It is, in both cases, a lawsuit was brought by a private plaintiff challenging the structure and function claim on the label of a dietary supplement as false and misleading. Both cases involved the same district court judge. And the judge made what, in our view, are the two identical erroneous rulings. Namely, the court misunderstood the federal substantiation requirement as meaning that unless a defendant has no evidence to support its ruling, the claim is preempted. So, counsel, what is if even assuming we agree with you that Kressler requires reversal? So in a case like this, what does that mean on some judgment? Is it your view that if a trier of fact could decide that there isn't substantiation, you get to go to the jury? So sort of the reverse of what you're arguing. The district chair, they have 100 studies. You have one. They have 100 experts. You have you get to go to the jury. Yes, Your Honor, I do believe that that is our position. I mean, the question of whether or not a claim is preempted is a question of your question of law. But let's get past for the moment preemption as to actually happens, because you're saying it's not preempted because the standards are the same as what the FDA has established. So my question is, if you come up with one admissible expert says that they don't have any substantiation and they have 100 who say they do, you get to go to the jury. Unless the district court is in a position to reasonably conclude that the plaintiff's evidence is so sparse that there's no material issue of fact that could possibly make it to the jury. Then yes, we would be entitled to go to the jury. My problem. My problem. My problem with that counsel is that when I look at the statute, the statute, which has to be consistent with talks about the manufacturer has substantiation. And it to me, it can't be that they have to have evidence about which no reasonable experts would would disagree. I mean, I don't think we're dealing with the same statute. If every time you come up with one expert on their substantiation, you get past summary judgment. Well, that brings me to the substantiation requirement, and it may be useful to just briefly address it. Notwithstanding Judge Friedland's helpful assertion that in her view, Kressler is controlling here. So and then I'd also like to explain. I think it's important. I have time to address Costco's attempts to distinguish Kressler because we did not get a chance to talk about those in a response to their opposition to our 28 J. So regarding substantiation, Judge Bennett, again, the district court here held that one study is enough. I know what the district court held. OK, I apologize. No, it's all right. Our point is that the district court's ruling here is directly contrary to what the FDA has said in its guidance. And I think it may be helpful for me to actually quote from the guidance. This is I'm also quoting. This is in our brief at 13. The FDA has said to determine whether the available scientific evidence is adequate to substantiate a claim. It is important to consider all relevant research, both favorable and unfavorable. And then the FDA goes on to say conflicting or inconsistent results raise serious questions as to whether a particular claim is substantiated. But right after right after you say right after the part you're quoting, they say there is no general rule for how many studies or what combination of types of evidence is sufficient to support a claim. So that but but they also talk about how well does the totality of the evidence support the claims? It just seems like if under California law, one expert can get you to the jury. Then what meaning does substantiation have? How how in the common understanding of the word can substantiation be squared with conclusive evidence? I think your honor may be conflating what is required to get past preemption versus what is required to prove a case by a preponderance of the evidence. Our argument is that I'm already arguably past preemption. But when we send this case, if we send this case back, the court is going to have to deal with substantiation, right? Well, I would say no, your honor, but we may just be having a linguistic debate that has no. No, I mean, I was going to say this. So on remand, wouldn't it just be what does California law require? Because we'll already have said this isn't preempted. So federal laws out of the picture, it's not preempted. And the question is, what is preponderance of the evidence in California? Because our earlier appeal already said it's preponderance of the evidence as the standard. And now we're just under California law, right? Yes, I mean, I disagree a little bit with your honor's suggestion that the court would have to consider what California law. Everyone agrees here what California law requires. California law puts the burden on the plaintiff to prove its case by a preponderance of the evidence. And cases involving structured function claims have applied a totality of the evidence standard. Our argument here is that that is no different from the standard that the FDA applies when evaluating whether a structured function claim is properly substantiated. And Kressler said exactly that, right? Kressler said that. So if we're controlled by Kressler, then it just seems like this case needs to be remanded to proceed under California law, right? Exactly. And here's what remains to be done in the district court. So the district court, contrary to defendants' arguments here, never weighed the totality of the evidence. It never even looked at the plaintiff's evidence. It denied defendants' Daubert motions with regard to plaintiffs' experts in both the first and second rounds of summary judgment because it held it didn't matter if plaintiff had admissible, reliable evidence under Daubert because one study would be enough for the defendant both to prevail under California law and also to succeed in its preemption claim. So if we go back to the district court, it's likely, I would imagine, that Costco will renew its motions for Daubert and renew its objections to our experts. We believe we will pass with flying colors because even though Costco repeatedly cites its 19 studies, our experts have stated in their reports, which again the district court never reviewed, that those studies are flawed, misleading, and have been rendered utterly unsignificant by several meta-studies that our experts have relied upon and that we believe conclusively show that this dietary supplement has no value. So when we go back to the district court, there's Daubert issues that remain to be seen. There's also a pending motion to decertify the class that was asserted in Costco's first summary judgment motion, which the court never ruled on. And then assuming that we get past both of those barriers, I think the proper approach at that point is, well, Costco could then renew its motion for summary judgment under the proper standard, which it never applied. It applied the wrong standard the first time around and got reversed by this circuit. So conceivably, Costco could renew its motion for summary judgment. It would lose because there's clearly disputed issues of material fact here, and then the case would go to the jury. So there are a few— Whether it loses is going to depend on the Daubert, right? I mean, if you don't prevail in the way you expect to on the experts, then they may win on summary judgment, right? Certainly, Your Honor. I mean, we have no reason to believe that that's going to happen. We believe we've got gold standard experts who rely on meta studies, whereas Costco has relied on studies that we believe are demonstrably inferior. So we think what's going to happen is, if we win here, we go back to the district court. The district court resolves the pending motions about the invisibility of our experts, and then we're off to the jury. And— Counsel, I have a lot of difficulty seeing how the structure that you've described— I mean, obviously, we have to look at Crespo, but I have a lot of difficulty seeing how the structure that you've described it, if that really is what California law says, how that's consistent with the FDA Act, because, to me, that takes all meaning out of the word substantiation, that if it's— substantiation, as long as a trier of fact could decide that their substantiation isn't good enough, I don't see how that's consistent with the federal statute. It seems to me that it's applying completely different requirements. I'm sorry, Judge Rotherford, I can't—everything is breaking up right now. I don't know if that's just me or not. Ms. Bruckner, can you mute your microphone really quickly, and we'll see if that's the issue? Judge Bennett, can you speak briefly? Yes, Judge Rotherford, I couldn't hear anything at all that Ms. Bruckner said. Ms. Bruckner, do you want to call back with your telephone the way we had looked at it? Yes, can you hear me now? This is the same problem. I'll call back with my microphone. I apologize for the work. Judges, we tested this earlier, so this should only take a minute. No worries. I've muted public audio. I apologize for the delay. Great. All right, Ms. Bruckner, I've added the telephone. Let's mute your computer microphone. There we go. I am so sorry. Okay. I deeply apologize. I apparently have a gremlin that's living in my computer. Getting back to your question, Judge Bennett, what I was about to say is that I disagree with your reading of the substantiation requirement. And on this point, the district court's first summary judgment ruling is actually, ironically enough, helpful. The district court noted in its ruling that the standard dictionary definition of substantiate is, quote, to establish by proof or competent evidence. That's at ER 75. So the district court's reading is consistent with the FDA's reading. Substantiation doesn't merely mean that a defendant, or rather a manufacturer, has complied with the substantiation requirement so long as it has any evidence to support its claim. It has to actually establish its claim by proof of competent evidence. And that's our position here. That's a perfectly plausible reading of the statute. And, again, it's completely consistent with what the FDA has said in its longstanding guidance that was also based on the FTC's guidance. It says the same thing. You look at the totality of the evidence. And, Judge Bennett, to me, that makes sense. Because if a defendant can pass the substantiation requirement by merely pointing to one study, that basically renders the entire requirement meaningless. Counsel, I tend to agree with you on that. But the statute talks about in 6B the manufacturer has substantiation that said such a statement is truthful and not misleading. And that does not suggest to me that if a trier of fact could find that the person theoretically doesn't, even if it's you have one and they have 100, I don't see that as consistent with the statute, given what the FDA talks about in the guidance about how you determine whether the totality of the evidence supports the claims. Well, I agree with you, Your Honor, that if once we finally get to the jury, we only have one study and they have 99, we're going to lose. And that would mean we'll lose on the merits. Our position is simply that whether the claim is preempted is evaluated by comparing the federal substantiation standard, which is measured by looking at the totality of the evidence, with the state law standard, which is also measured according to the totality of the evidence. I see I only have 46 seconds remaining. You are over your time. May I? In that case, hopefully the court will indulge me in a little bit of time for rebuttal. Thank you. Well, OK, thank you very much. Let's hear from counsel for the defendants. Good afternoon, Your Honors. William Delgado on behalf of defendants at least. Federal law explicitly permits manufacturers to make certain structure function claims when they meet certain criteria set forth in the FDA. Here, the defendants argue that they comply with those requirements in the district court degree. As a result, the district court correctly concluded that any state law claim which would prohibit the manufacturer from making a claim that federal law explicitly permitted would be preempted under the doctrine of preemption. And that really should be affirmed. There are three points to these arguments. Number one, there is no presumption against preemption. The Supreme Court in Puerto Rico versus Franklin. Instead of starting from a blank slate, could you explain how you're going to get around Cressler? So, Your Honor, in Cressler, that that decision came to this court in a much different procedural posture. It was on a motion to dismiss as opposed to a motion for summary judgment. The district court did not have the opportunity to review any of the studies. But aren't we looking at the form of the claim? What are the elements of the claim under California law compared to what federal law requires and whether it's preempted because they're different? And I don't understand how it matters where what posture we're in, whether it's motion to dismiss or summary judgment, if we're looking at the nature of the California law. Even if you look at the nature of the claim versus the nature of what we need to be proved under preemption, they are very different. To prove a claim under the CLRA, the plaintiff would have to show four elements. One, that the plaintiff was a consumer. Number two, that the act occurred, the complaint of act occurred. Number three, that there was harm. And number four, the defendant suffered, excuse me, that the plaintiff suffered damage. Whether or not a claim is a structure function claim is permissible and therefore preemption arises is a completely different test. The test is one for is there substantiation? Is there a disclaimer that the FDA has not approved the claim and is the claim one that does not imply that it cures disease? But Kressler allowed a structure function falsity claim to go forward. So are you just saying that Kressler was wrongly decided? I think Kressler has to be contained to the fact that it was on a motion to dismiss. But but but but council Kressler specifically says preemption applies only if the plaintiff's legal claims and factual allegations would hold a defendant to a different substantiation standard than the FDA. If if we take that as the binding holding, isn't that entirely inconsistent with the argument you just made? In this particular case, plaintiff's legal theory would enjoin and prohibit the defendants from making a statement that the FDA would permit. So I don't think it is inconsistent. And I think that preemption would still apply. So your your view is that because it's a structure function claim that there's no California consumer statute that can can say you don't meet the FTC. You don't meet the FDA requirements. You have no substantiation that they can't go forward with that, that that kind of a claim is preempted. So a substantiated structure function claim would lead to a preemption. But as this court recognized in Dockour, there are certain claims, certain structure function claims that would not be substantiated and therefore not preempted. And therefore, a plaintiff can proceed under California law with respect to that type of structure function claim. It really just comes down to the district court's determination on the elements of subsection R in section 343. If the district court concludes that the elements of subsection R are met, the three of them are met, there is substantiation, there's an FDA disclaimer, and there is no reference to a disease claim. Then as a result of that, federal law explicitly says that the claim may be made. And at that point, preemption would kick in. But if the district court concludes that one or more of those requirements in subsection R are not met, then preemption doesn't kick in. And we said it in our brief to a case where that actually turned out to be the case. There's a court case. Aren't they arguing you have no substantiation? I think they're arguing that the district court employed the wrong substantiation standard. But regardless of what substantiation standard the district court applied, and I tend to agree with the plaintiffs that the district court applied a one and done standard. But don't we decide de novo what the standard is? Yes, you do. I would respectfully disagree that the district court applied the one and done standard. In the opinion itself, there is multiple references to competent and reliable scientific evidence, which is a phrase that comes from both FDA and FTC guidance. That is not a one and done standard. But the court did that without ever deciding whether plaintiff's evidence was even admissible. The court, in denying defendants Daubert motions, made it such that plaintiff's evidence was admissible. There was never a decision that would. No, but they said the court said it was moot. I don't understand how it could be moot if the court isn't when the court says a common sense interpretation of substantiation involves competent and reliable scientific evidence. And but regardless of whether the court did one and done or not. Any time. So what do you have to show or what the plaintiffs have to disprove before? In your view, it's not preempted. It's the substantiation. The plaintiff would have to show. Well. The burden would be on the man. A defendant that raises preemption would have the burden to show the claim was substantiated. Plaintiff would then retort and say, no, it is not. And then the district court would make the determination as to whether or not the claim was substantiated as part of a preemption analysis. And so what do you need in your view? Any competent and reliable scientific evidence? Most of it. Look at it. A totality of the circumstances. What do you what do you need to to get summary judgment? You're right. I can best answer that by saying that competent and reliable scientific evidence is not a quantitative measure. It's a qualitative measure. So you need one. No, it's not about whether or not you have one or multiple. So you look at what that term means in the FDA and the FTC guidance. It's a number of factors. It's the type of claim that's being made, the type of product, the benefit of a truthful claim, the consequence of a claim that is not truthful. The cost of further substantiation. It is a multifactored, flexible test and a multifactored standard that the district court would consider all of these data points and then conclude one way or the other. Yes, there is competent and reliable scientific evidence to substantiate the claim. And therefore, the plaintiff's state law claim is preempted. Or alternatively, the district court would conclude, no, there is not competent science, competent and reliable scientific evidence. Therefore, the structure function claim is not substantiated. There is no preemption and plaintiff's state law claims can proceed irrespective of disputed issues of fact to the extent that there is a disputed issue of fact on the issue of substantiation. That is for the district court to resolve. As the Supreme Court in Albrecht made clear, when we're talking about a preemption analysis, the district court resolves issues of fact as part of the legal analysis. And I would also point out that this court, even years prior to Albrecht and Galvino case, with respect to a different issue of judicial traffic control, that of exhaustion, noted that in that instance, the district court would also resolve factual disputes. At no point would a issue of judicial traffic control be given over to a jury. The judge must first make the determination. Well, that's why that's why that's why that's why counsel strikes me that you have an almost insurmountable burden with Kressler with that view, because I think we said in Kressler not preempted. There is a role for the district court. There's a role for a trier of fact. I'm having difficulty figuring out exactly what those roles are, but I think we're bound by Kressler that that that as plain the claim that plaintiffs have stated is is not preempted. Allowing plaintiffs claim to go forward and allowing a jury to make a determination on whether or not it should. But with a liability would exist and with the damages would be therefore follow as a result of that, notwithstanding the fact that federal law allows it would simply fly in the face of what the preemption doctrine is. Could I read you a quote from Kressler from page 814? It says it is well established that supplement makers can be sued for false claims and no federal preemption exists under the FTCA, either by statute or by implication. Since the FDA does not occupy the field and its controls are unaffected by private false advertising suits against supplement makers. Can you tell me how you get around that sentence? To be clear, there is nothing that would prohibit a plaintiff from bringing the lawsuit, attacking the claim and forcing the defendant to come forward with their evidence of substantiation. But if the claim is if the claim is not preempted, which is what Kressler tells us, then I think I think we're under the preponderance of the evidence standard that our court in the last appeal of this case said was the standard for state law. Right. Is that correct? In your view, if a if a claim is not preempted, then the underlying state law claim would be decided under the preponderance of the evidence. And I guess I just don't understand. OK, maybe you can try again to explain how you get around the quote. I read you. So candidly, your honor, that that language is tough to get around, but I think we have to acknowledge that Kressler did come to this court in a different posture. And whatever can be said about what the court can or cannot do on a motion to dismiss when it doesn't have any evidence in front of it and cannot conduct a substantiation analysis at all because of the fact that it doesn't have any evidence is different from the posture of this case in which the court could and did, in fact, look at the studies on both sides. And in fact, she acknowledged in her decision that there were studies on both sides. So notwithstanding Judge Bennett, your comment earlier about the fact that she denied the defendant's motion has moved. That simply meant that she didn't need to exclude defendant's evidence. She didn't need to exclude the plaintiff's experts to get to the decision that she got. She could consider evidence that contradicted the structure function claims and nevertheless reached the conclusion that those structure function claims were, in fact, still substantiated because substantiation is not, as one commissioner has noted, is not the search for truth is the search for data. Does data exist? It is not about whether there is one study or one warm body. I agree that it is a multi-factor test. The totality of the evidence is one of the factors, but it is not the it is not equivalent to determining whether something is true or false, as a jury would do under the CLRA. It is just a different standard. Can I frame the case this way and tell me if you disagree with it? I hear you saying I hear you incorrectly blending the preemption and merits inquiries in a way that's not helpful at all. In fact, foreclosed by Chris. So let me just frame the way I see the case and tell me if I'm wrong. I think you lose on preemption. But what you are telling us is that because we have a fully developed summary judgment record, we can hold as an alternative grounds for affirmance that no reasonable fact finder could find as a matter of law that your client lacked substantiation. And that's that's the argument I hear you putting to us. It's basically a merits summary judgment argument. As a matter of law, we're entitled to prevail because even if all of this, all of these studies were put before a jury, no reasonable jury could find that we lacked substantiation, according to the FDA guidance standards laid out in the FDA guidance. Is that a fair characterization of your position to us? Unfortunately, I can't I cannot say yes or no, because we do not believe that a jury would ever determine substantiation. Substantiation is one of the subsection is one of the elements in subsection are which we believe is something that only a judge could decide. OK, let me tell you why. Let me tell you why I think you're wrong about that. The preemption inquiry that the judge decides is purely a comparison, as I think Judge Friedland was alluding to earlier, between the elements that the FDA standard would demand and the elements that state law. If those two are determined to be the same, in other words, that, you know, the plaintiff would have to show in order to prevail under state law, the same things that would be required under the FDA standard, then there's no preemption. The only time there could be preemption is if there is a difference in the legal standard that the state is trying to apply versus the federal law. And I think in Cressa, we've pretty much already resolved that against you. So that's why, to me, all you're then left to argue is that, OK, it's not preempt. But on this record, no reasonable fact finder could find in the plaintiff's favor. And we want you, the Ninth Circuit, to say that as an alternative ground for affirmation. Well, it's that's certainly true that given the state of the evidence and the studies put forth by the plaintiff, which, as we put it out in our brief, were consistent of a mismatch between the structure function claim and the endpoints of those studies, that is to say, suffered from the Dockour problem, mismatch in evidence. Certainly, this court could find that as well as an alternative. I think I'm now over my time, but you are. Thank you. If you have a concluding thought, please, please go ahead. No, I thank you for your time. OK, very good. Let's put two minutes on the clock for rebuttal. Thank you very quickly. The two grounds that Costco has asserted for distinguishing Kressler are meritless. I think the court already understands that Costco is misrepresenting what actually happened here when it claims that this court did examine all of the evidence and look at the totality and that. And for that reason, the difference in procedural posture between this case and Kressler should not matter regarding counsel's last argument that this is a case like Dockour, where there was a mismatch between the plaintiff's allegations and the plaintiff's evidence. In other words, they're claiming that that what we're relying on to disprove the structure function claims doesn't actually go to what the structure function claims actually say is wrong. They are saying that the basis for that argument is they're claiming that we are relying exclusively on disease studies to prove our claim that is incorrect. And I would cite the court to page E.R., I'm sorry, page 132 of the plaintiff's excerpts of record. That is the expert report of Dr. Bazinet, where he states very clearly at paragraph 16, quote, I do not consider studies that looked at subjects with diseases as pertinent to the questions at hand because I understand from counsel that these products are not intended to treat diseases. So that's point one. There is no mismatch between our evidence and our allegations. That's also demonstrated by the allegations of the complaint. And therefore, we would urge the court to reject counsel's attempt to fit this case into the Dockour box. This case is clearly governed by Kressler. I do think it would be useful for this court to make clear, if it renders a decision in our favor, that Kressler is not limited to cases decided on a motion to dismiss and that the different procedural posture here versus Kressler is immaterial. Plaintiffs should win. Thank you. Thank you very much. The case just argued is submitted.
judges: Watford, Friedland, Bennett